UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CRAIG BEEDE,

                  Plaintiff,

       v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,[1]

                  Defendant.

**REPORT AND RECOMMENDATION**

12-CV-1072
(TJM/VEB)

---

## I. INTRODUCTION

In June of 2009, Plaintiff Craig Beede applied for disability insurance benefits under the Social Security Act. Plaintiff alleges that he has been unable to work since June of 2008 due to physical and psychological impairments. The Commissioner of Social Security denied Plaintiff's application.

Plaintiff, by and through his attorney, Peter M. Margolius, Esq., commenced this action seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

On June 26, 2013, the Honorable Gary L. Sharpe, Chief United States District Judge, referred this case to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 12).

---

[1]On February 14, 2013, Carolyn W. Colvin took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Colvin as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

The procedural history may be summarized as follows:

On June 25, 2009, Plaintiff applied for disability insurance benefits, alleging that he had been unable to work since June 4, 2008. (T at 82-85).[2] The application was denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held in Albany, New York, on October 26, 2010, before ALJ Thomas Grabeel. (T at 22). Plaintiff appeared *pro se* and testified. (T at 28-48). Plaintiff's fiancee, Madeleine Quick, also appeared and testified. (T at 48-52).

On March 28, 2011, ALJ Grabeel issued a written decision finding that Plaintiff was not disabled within the meaning of the Social Security Act and denying his claim for benefits. (T at 8-21). Plaintiff retained counsel and requested review by the Social Security Administrative Appeals Council. (T at 7). The ALJ's decision became the Commissioner's final decision on May 15, 2012, when the Appeals Council denied Plaintiff's request for review. (T at 1-3).

Plaintiff, by his counsel, timely commenced this action by filing a Complaint on July 5, 2012. (Docket No. 1). The Commissioner interposed an Answer on November 8, 2012. (Docket No. 7). Plaintiff filed a supporting Brief on December 21, 2012. (Docket No. 10). The Commissioner filed a Brief in opposition on February 4, 2013. (Docket No. 11).

Pursuant to General Order No. 18, issued by the Chief District Judge of the Northern District of New York on September 12, 2003, this Court will proceed as if both parties had

---

[2]Citations to "T" refer to the Administrative Transcript. (Docket No. 8).

accompanied their briefs with a motion for judgment on the pleadings.[3]

For the reasons below, it is recommended that this case be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings.

## II. DISCUSSION

### A. Legal Standard

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir.1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir.1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford

---

[3]General Order No. 18 provides, in pertinent part, that "[t]he Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings."

v. Schweiker, 685 F.2d 60, 62 (2d Cir.1982).

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.[4]

While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir.1984).

The final step of the inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age,

---

[4]This five-step process is detailed as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.

If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.

If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.

If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.

Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir.1999); 20 C.F.R. §§ 416.920, 404.1520.

education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g); 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

**B.    Analysis**

    **1.    Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 4, 2008 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2013. (T at 13). The ALJ found that Plaintiff had the following "severe" impairments, as defined under the Social Security Regulations: degenerative disc disease of the lumbar spine, fibromyalgia, depression, and anxiety. (T at 13-15). The ALJ determined that Plaintiff's medically determinable impairments did not meet or equal one of the impairments listed in Appendix I of the Regulations (the "Listings"). (T at 15-16).

The ALJ concluded that Plaintiff retained the residual functional capacity to perform sedentary work, as defined in 20 CFR § 404.1567.  The ALJ further found that Plaintiff retained the residual functional capacity to perform simple, unskilled, repetitive, routine work, with some non-exertional limitations. (T at 16-20).

The ALJ determined that Plaintiff could not perform his past relevant work as a car wash lineman, shop laborer, or laundry truck driver. (T at 20).  However, considering Plaintiff's age (43 on the alleged onset date), education (high school), and RFC, the ALJ concluded that there were jobs that exist in significant numbers in the national economy

that Plaintiff could perform. (T at 20).

Accordingly, the ALJ concluded that Plaintiff had not been under a disability, as that term is defined under the Act, from the alleged onset date (June 4, 2008) through the date of the ALJ's decision (March 28, 2011), and was therefore not entitled to benefits. (T at 21). As noted above, the ALJ's decision became the Commissioner's final decision on May 15, 2012, when the Appeals Council denied Plaintiff's request for review. (T at 1-3).

### 2. Plaintiff's Claims

Plaintiff argues that a remand is warranted because the Appeals Council did not provide his attorney with a copy of the hearing exhibits. In addition, Plaintiff contends taht a remand is required based upon new evidence. This Court will address both arguments in turn.

#### a. Appeals Council's Failure to Provide Exhibits

As mentioned above, Plaintiff applied for disability benefits and appeared at the administrative hearing *pro se.* (T at 25). Following the ALJ's unfavorable decision, Plaintiff retained his present attorney. (T at 7). On May 18, 2011, a representative from the office of Plaintiff's attorney wrote the Appeals Council requesting review of the ALJ's unfavorable decision. (T at 7). Plaintiff's representative also requested a copy of the hearing recording and exhibits and asked for sixty (60) days to "submit the appeal." (T at 7).

On August 4, 2011, the Appeals Council sent Plaintiff's representative a CD containing the audio recording of the administrative hearing and gave Plaintiff twenty-five (25) days to submit a brief and/or new evidence. (T at 4). On August 10, 2011, Plaintiff's representative faxed a follow-up letter to the Appeals Council. She acknowledged receipt

6

of the audio recording, but repeated the request for copies of all of the hearing exhibits (i.e. the medical record) and asked for an additional thirty (30) days from receipt of those records to submit a brief. (Docket No. 10-1, p. 1). Plaintiff has provided a fax transmittal verification report, which indicates that the Appeals Council received the August 10, 2011 letter request. (Docket No. 10-1, p. 3).

On May 15, 2012, without (apparently) having responded to the August 10, 2011 follow-up fax from Plaintiff's representative, the Appeals Council denied Plaintiff's request for review. (T at 1). The Appeals Council explained that it had "found no reason under our rules to review the Administrative Law Judge's decision." (T at 1).

Plaintiff challenges the Appeals Council's decision, arguing that it was improper for the Council to deny the request for review without first providing his representative with a copy of the hearing exhibits and time to submit a brief. The Commissioner responds with two arguments: (1) Plaintiff was provided with a complete copy of the exhibits prior to the hearing and the Appeals Council was not obligated to provide a second set and (2) in any event, Plaintiff suffered no prejudice.

As a threshold matter, it is obvious that the Appeals Council should have responded to the request and, giving the Commissioner the benefit of the doubt with respect to the representation that they provided the offending exhibits to Plaintiff *pro se*, provided an additional copy of the exhibits to Plaintiff's representative. In addition, the Appeals Council should have responded to the representative's request for additional time to submit a brief.

Even if the hearing exhibits had already been provided to Plaintiff when he was *pro se*, the Social Security Regulations allow a claimant to obtain evidence from the Appeals Council. See 20 CFR § 416.1474 ("You may request and receive copies or a statement of

7

the documents or other written evidence upon which the hearing decision or dismissal was based and a copy or summary of the transcript of oral evidence. However, you will be asked to pay the costs of providing these copies unless there is a good reason why you should not pay."). In addition, the Appeals Council is to provide the claimant a "reasonable opportunity to file briefs or other written statement about the facts and law relevant to [the] case." 20 C.F.R. § 404.975.

Both of these provisions were violated. However, the Appeals Council's errors are not, without more, grounds for remand. Plaintiff must still establish that he was prejudiced by the Commissioner's failure to follow the Regulations. Evans-Ponio ex rel TJ v. Astrue, 2009 WL 2242627, at *6 (M.D. Fla. July 27, 2009)(noting that "the claimant must still establish that she was prejudiced by the agency's failure to follow a particular rule[,]")(quoting Darnell v. Astrue, No. 07-1404, 2009 WL 424794, at *3 (W.D.La. Feb. 20, 2009)).

Plaintiff does not articulate any prejudice arising from the Appeals Council's errors. Moreover, any arguable prejudice is being cured by this Court's review in the present case.

Plaintiff's counsel eventually received a complete copy of the hearing exhibits and rest of the administrative record in connection with this lawsuit. Plaintiff (and his attorney) have now been afforded an opportunity to review all of the exhibits and to submit a brief with legal arguments and factual citations in support of his position. The sole substantive argument advanced by Plaintiff is that the ALJ's decision was not based on a complete record. In other words, Plaintiff's claim in this case is that a remand should be ordered for consideration of evidence not submitted to the ALJ.

This is significant. Plaintiff might be able to establish prejudice if he was arguing that

the ALJ had misunderstood certain of the hearing exhibits (or failed to apply appropriate weight to an exhibit) and if the Commissioner contended that Plaintiff had waived that argument by failing to raise it before the Appeals Council. In that event, the Appeals Council's failure to provide the exhibits and the briefing opportunity is seen at this point as prejudicial.

In addition, in a case where the claimant has challenged the substance of the ALJ's review (as opposed to the adequacy of the record), the claimant could possibly cite the denial of the right to submit a brief to the Appeals Council as a lost opportunity to prevail during the administrative process. However, at least two courts have concluded that the lost opportunity to submit an Appeals Council brief does not constitute prejudice requiring remand. See Evans-Ponio, 2009 WL 2242627, at *6 (holding that "as for any impediment to presenting argument to the Council, it has been said 'the Appeals Council reviews ALJ decisions in their entirety, and likely 'does not depend much, if at all, on claimants to identify issues for review'")(quoting Darnell, 2009 WL 424794, at *4).

In any event, in this particular case, while the Court finds the Appeals Council's conduct troubling, Plaintiff has "ultimately had [his] day in court." This Court has carefully considered the arguments of counsel for both parties and reviewed the new evidence. For the reasons outlined below, a sentence six remand is recommended. Any arguable prejudice flowing from the Appeals Council's errors has been cured by judicial review in this proceeding.[5] See Evans-Ponio, 2009 WL 2242627, at *6 ("Finally, Plaintiff has ultimately

---

[5]This should not be interpreted as an invitation for the Commissioner to flout applicable Regulations or ignore requests by claimants and their representatives. As discussed below, the Commissioner's administrative errors were not without consequence and formed part of Plaintiff's good cause showing.

9

had her day in court, and has potentially won a remand of this case back to the administration both for consideration of the additional evidence and further proceedings.").

> **b.     New Evidence**

The Social Security Act provides that a district court may remand a case to the Commissioner to consider additional evidence that was not included as part of the original administrative proceedings. See 42 U.S.C. § 405(g) (sentence six) ("The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.").

This type of remand, commonly referred to as a "sentence six remand," is only appropriate if new, non-cumulative evidence presented to the District Court should be considered by the Commissioner *and* if the claimant can establish good cause for having failed to present the evidence during the original administrative proceedings. See Lisa v. Sec'y of Dep't of Health and Human Servs., 940 F.2d 40, 43 (2d Cir.1991).

In the Second Circuit, courts employ a three-prong test to determine whether a sentence six remand is warranted. Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir.1988). First, the evidence must be "new" and not merely cumulative of evidence in the administrative record. Id. (citing Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir.1984)). Second, the new evidence must be "material," *i.e.* "it must be relevant to the claimant's condition during the time period for which benefits were denied and probative." Id. (citing Cutler v. Weinberger, 516 F.2d 1282, 1285 (2d Cir.1975)). The "materiality" prong further requires a finding that there is a reasonable possibility that the new evidence would have changed the outcome before the Commissioner. See Jones v. Sullivan, 949 F.2d 57,

60 (2d Cir.1991). Third and finally, the plaintiff must demonstrate good cause for failing to present the evidence earlier. Lisa, 940 F.2d at 43.

Here, Plaintiff offers five (5) pieces of evidence not submitted during the administrative proceedings: (1) an August 2011 Medical Source Statement of Ability to Do Work-Related Activities (Physical) completed by Dr. Ronald Pope, a treating physician; (2) treatment notes from Dr. Pope covering the period between January 2006 and February 2011; (3) an August 2011 Medical Source Statement of Ability to Do Work-Related Activities (Physical) completed by Dr. Tomas Andrejuk, Plaintiff's treating pain management specialist; (4) treatment notes from Dr. Andrejuk covering the period between August 2008 and February 2011); and (5) treatment notes from Dr. John French, a treating doctor with a specialization in rheumatology.

This Court finds that some, but not all, of this evidence meets the Second Circuit's sentence six remand test.

The additional treatment notes from Dr. Pope (Docket No. 10-3) are not "new" and do not meet the first prong of the Second Circuit's test. The "new" notes are cumulative of evidence in the administrative record, which already contains numerous treatment records from this physician. (T at 219-34, 297-309, 440-46). Plaintiff does not explain how the new records are materially different from the treatment notes already contained in the record.

The treatment notes from Dr. French are "new," but are not "material" and therefore do not meet the second prong of the Second Circuit's test. The records were generated in May and June of 2007, a year before the alleged onset date (June 4, 2008). (Docket No. 10-4). There is no indication that the assessments relate to the time period at issue and no new evidence is offered concerning Plaintiff's condition during that period. Plaintiff does

11

not allege that Dr. French treated him during the relevant period and does not explain how the records relate to his condition and/or limitations after the alleged onset date.

On the other hand, Dr. Pope's August 2011 assessment of Plaintiff's residual functional capacity is both new and material. Dr. Pope opined that Plaintiff was limited to lifting/carrying up to 10 pounds occasionally and never more than that. (Docket No. 10-2, at p. 1). He indicated that Plaintiff needed the ability to change positions regularly and lie down as needed. (Docket No. 10-2, at p.2). Dr. Pope assessed that Plaintiff could sit for 2 hours in an 8-hour work day (10 minutes at a time), stand for 1 hour in an 8-hour work day (10 minutes at a time), and walk for 1 hour in an 8-hour workday (10 minutes at a time). (Docket No. 10-2, at p. 2). Dr. Pope opined that Plaintiff could ambulate without an assistive device and perform activities like shopping, but only with significant difficulty. (Docket No. 10-2, at p. 6). Dr. Pope indicated that Plaintiff's limitations related back to July of 2008. (Docket No. 10-2, at p. 6).

Dr. Pope's August 2011 findings contradict the ALJ's conclusion that Plaintiff could perform sedentary work.[6] The Commissioner contends that Dr. Pope's opinion is not material because it was authored after the ALJ's decision. However, refusal to consider evidence solely because it was created after the date of the ALJ's decision is an error. Pollard v. Halter, 377 F.3d 183, 193 (2d Cir.2004)("Although the new evidence consists of documents generated after the ALJ rendered his decision, this does not necessarily mean that it had no bearing on the Commissioner's evaluation of [the Claimant's] claims. To the

---

[6]Sedentary work involves lifting up to 10 pounds at a time and occasionally lifting and carrying light objects. It also generally involves up to 2 hours of standing or walking and 6 hours of sitting in an 8-hour work day. See Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996); SSR 83–10; 20 C.F.R. § 404.1567(a).

12

contrary, the evidence directly supports many of her earlier contentions regarding [the] condition. It strongly suggests that, during the relevant time period, [her] condition was far more serious than previously thought"); see also Sergenton v. Barnhart, 470 F. Supp.2d 194, 204 (E.D.N.Y. 2007). Moreover, Dr. Pope indicated that his opinion was retrospective and covered virtually the entire period at issue. (Docket No. 10-2, at p. 6

Second, the Commissioner invites this Court to conclude that there is no reasonable possibility that the inclusion of Dr. Pope's opinion would have changed the ALJ's decision. However, the opinion of a treating physician must be considered carefully and the ALJ is obligated to give "good reasons" for failing to afford controlling weight to such an opinion.[7] Thus, this Court must be wary of any suggestion that the addition of a treating physician's opinion does not at least create a reasonable *possibility* that the ALJ might have reached a different decision.  Indeed, the ALJ explained in his decision that he was giving "substantial weight" to the opinion of Dr. Pope. (T at 20).  However, the original administrative record did not contain a functional capacity assessment by Dr. Pope and it is not clear to which opinion the ALJ was giving substantial weight. In any event, if the ALJ was inclined to give substantial weight to Dr. Pope's views (and given that his views are

---

[7]Under the "treating physician's rule," the Commissioner must give controlling weight to the treating physician's opinion when the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); Halloran v. Barnhart, 362 F.3d 28, 31-32 (2d Cir. 2004); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir.2000).
    Even if a treating physician's opinion is deemed not to be deserving of controlling weight, the Commissioner may nonetheless give it "extra weight" under certain circumstances.  In this regard, the following factors should be considered when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (4) consistency, (5) specialization of the treating physician, and (6) other factors that are brought to the attention of the court. C.F.R. § 404.1527(d)(1)-(6); see also de Roman, 2003 WL 21511160, at *9; Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir.1998); Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998).

13

presumptively entitled to controlling weight), there is a reasonable possibility that the addition of an assessment by Dr. Pope inconsistent with the RFC determination might have changed the ALJ's decision.

The same logic applies to the opinion and treatment notes provided by Dr. Andrejuk, Plaintiff's treating pain management specialist. Dr. Andrejuk assessed a lifting/carrying limit of no more than occasional lifting of 10 pounds. (Docket No. 10-3, at p. 1). He opined that Plaintiff was limited to sitting, standing, or walking no about 2 hours in an 8-hour day, with each of those activities limited to 10 minutes at a time without interruption. (Docket No. 10-3, at p.2). These opinions were clearly new and material.

Again, these findings are inconsistent with the ALJ's sedentary work RFC assessment. The Commissioner notes that Dr. Andrejuck's opinion was rendered in August of 2011, approximately five (5) months after the ALJ's decision. However, Dr. Andrejuck treated Plaintiff during the relevant period and his assessment could reasonably be read as relating back to that period. As noted above, evidence cannot be rejected simply because it post-dates the ALJ's decision.

In addition, the opinion of a treating pain management specialist must be given particular consideration where, as here, the claimant suffers from fibromyalgia. The Second Circuit has "recognized that fibromyalgia is a disabling impairment and that there are no objective tests which can conclusively confirm the disease." Green–Younger v. Barnhart, 335 F.3d 99, 108 (2d Cir.2003) ( quoting Preston v. Sec. of Health & Human Servs., 854 F.2d 815, 818 (6th Cir.1988)). Thus, a treating provider's opinion, combined with the claimant's subjective complaints, may be the best (and only) evidence as to whether the condition is disabling in a given case. Id.

Also, when assessing whether this new evidence is "material," the Commissioner focuses on each treating provider opinion in isolation. However, the combined impact of both treating providers' opinions must be considered. To wit, Plaintiff has presented opinions from two (2) treating physicians that are inconsistent with the ALJ's RFC determination. Both opinions were provided by physicians with a lengthy treating relationship with Plaintiff. Dr. Andrejuck is a pain management specialist. Although both assessments were rendered after the ALJ's decision, there is little doubt that they relate back to the period at issue. As such, this Court cannot say there is no reasonable possibility that the ALJ would have reached a different decision if these opinions had been included in the medical record. This evidence therefore meets the "new" and "material" prongs of the Second Circuit's sentence six remand test.

The last issue is whether Plaintiff has shown "good cause" for failing to submit this evidence earlier. This Court finds that good cause has been established. The key pieces of evidence (opinions rendered by two of Plaintiff's treating providers) did not exist when the ALJ rendered his decision. Although Plaintiff could (presumably) have obtained opinions from his treating providers prior to the administrative hearing, he was acting *pro se* during that time, which is a relevant factor in determining whether good cause has been shown. See Jones v. Sullivan, 949 F.2d 57, 61 (2d. Cir. 1991); Ferebee v. Astrue, 01 Civ. 3334, 2012 WL 169945, at *2 n.3 (S.D.N.Y. Jan. 19, 2012); Leonard v. Comm'r of Social Security, 05-CV-1084, 2008 WL 3285947, at *13 (N.D.N.Y. Aug. 7, 2008). Plaintiff's counsel might have submitted the evidence to the Appeals Council after being retained, but before the Appeals Council rendered its decision denying the request for review. (The opinions were provided in August 2011; the Appeals Council denied the request for review

15

in May 2012). However, counsel was waiting for the Appeals Council to respond to the request for a copy of the hearing exhibits and an extension of time to submit a brief.[8] Administrative error by the Commissioner has been found to satisfy the good cause standard. See Miller v. Barnhart, No. 03 Civ.2072, 2004 WL 2434972, at *10 (S.D.N.Y. Nov. 1, 2004). Accordingly, this Court finds that Plaintiff has established good cause sufficient to warrant a sentence six remand.

## IV. CONCLUSION

This Court recommends that the Commissioner's motion for judgment on the pleadings be DENIED, that this case be remanded for further proceedings, with the Clerk placing this case on the suspense calender, but not closing the case, and with the Court retaining jurisdiction. It is further recommended that the Commissioner be required to provide a status report to the Court every ninety (90) days.

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

---

[8]Although this Court has found that good cause has been established, it would have been better practice for Plaintiff's counsel to send a further follow-up letter to the Appeals Council when no response was received with respect to the August 2011 request for exhibits and additional briefing time.

Dated: August 13, 2013

Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were*

*not*, presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

Victor E. Bianchini
United States Magistrate Judge

Dated: August 13, 2013

    Syracuse, New York